UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :   05 CR 564 (ARR)
UNITED STATES OF AMERICA,                                        :
                                                                 :   NOT FOR ELECTRONIC
            -against-                                            :   OR PRINT
                                                                 :   PUBLICATION
ANTIDIO RAMON FAJARDO et al.,                                    :
                                                                 :   OPINION AND ORDER
                              Defendants.                        :
                                                                 :
---------------------------------------------------------------- X

ROSS, United States District Judge:

Defendants Maria Alvarez, Oscar Davidson Bedoya, and Lynn Gonzalez have moved to suppress the physical evidence retrieved from the police search of a van, driven by Bedoya and occupied by Alvarez and Gonzalez, on July 13, 2003. Defendants Antidio Ramon Fajardo and Wilford Lindsay have moved to suppress the physical evidence retrieved from Lindsay's truck, which was occupied solely by Fajardo at the time of the stop of the vehicle, on September 2, 2003. The government contends that the defendants lack standing to challenge the legality of the searches and, thus, their motions to suppress the physical evidence recovered from the vehicles should be denied without a hearing. For the reasons explained below, the court concludes that Alvarez, Bedoya, Gonzalez, and Fajardo, at a minimum, have standing to challenge the legality of the stops of their respective vehicles. In addition, the court is unpersuaded by the government's argument that Lindsay lacks standing to challenge the search of his truck.

## DISCUSSION

For the purposes of this opinion and order, the court assumes the parties' familiarity with the facts set forth in the parties' respective briefs.

1

## A. Standing to Challenge the Terry Stops

The government argues, with respect to the July 13th stop, that Alvarez, Bedoya, and Gonzalez, lack standing to challenge the search of the van or the luggage in the van because they have failed to demonstrate lawful possession of the van. Similarly, with respect to the September 2nd stop, the government contends that Fajardo cannot challenge the search of the vehicle because he has failed to demonstrate that he had a lawful basis for being in the truck or a legitimate expectation of privacy in the secret traps.

To the extent that the government seeks denial of defendants' motions without a hearing, the government's arguments on standing are unavailing. The government has failed to address the central issue raised in the defendants' motions: whether the police had reasonable suspicion to stop and detain defendants' respective vehicles in the first instance. It is well-settled that a passenger has standing to challenge an unlawful Terry stop or detention, even if he has no standing, for any reason, to challenge the search of the vehicle. See United States v. Eylicio-Montoya, 70 F.3d 1158, 1164 (10th Cir.1995); United States v. Kimball, 25 F.3d 1, 5 (1st Cir. 1994); United States v. Muyet, 946 F. Supp. 302, 304 (S.D.N.Y. 1996). If the initial stop of a vehicle was illegal, evidence seized in a subsequent search may be excludable as fruit of the poisonous tree. Muyet, 946 F. Supp. at 305 (citing Wong Sun v. United States, 371 U.S. 471, 484-85 (1963)).

In their motions, Alvarez, Bedoya, Gonzalez, and Fajardo contend that the police lacked reasonable suspicion to stop their respective vehicles. After reviewing the facts set forth in the government's motion and defendants' accompanying affidavits, the court concludes that an evidentiary hearing is warranted on the issue of whether the police had reasonable suspicion for

the July 13th and September 2nd stops.[1]

**B.     Standing to Challenge the Searches of the Vehicles**

1.     Lindsay's Standing

The government also contends that Lindsay lacks standing to challenge the search of his truck, in spite of his ownership of the truck, because he has not demonstrated a legitimate expectation of privacy in the specific area of the vehicle that was searched.

In his affidavit, Lindsay states that he was the owner of the truck on September 2nd, (Lindsay Aff. ¶ 3), and that he never gave authorization for another person to use the vehicle, (id. ¶ 4). Moreover, the government's brief also suggests that Lindsay may have been in the vicinity of the truck because the truck was parked in a parking garage of the hotel at which Lindsay was a registered guest. (Gov't Opp. at 5.) The government argues that Lindsay's ownership of the truck is insufficient to establish that he had a legitimate expectation of privacy in the traps where the drug proceeds were found. In support of its reasoning, the government cites United States v. Pena, 961 F.2d 333 (2d Cir. 1992), and Rakas v. Illinois, 439 U.S. 128 (1979). However, Pena and Rakas are distinguishable, as Lindsay points out, on the grounds that the defendants in those cases were not the owners of the vehicles at issue. Pena, 961 F.2d at 336; Rakas, 439 U.S. at 140. Indeed, the government has cited no cases, and the court has found none, where ownership, coupled with the fact that the owner did not authorize another person to use the vehicle, is insufficient to establish standing to challenge the search of any part of the vehicle.

---

[1] The government also argues that Lindsay, in spite of his ownership of the truck, does not have standing to challenge the stop of the truck on September 2nd because he was not present at the time of the search. The government's argument lacks merit because Lindsay is clearly challenging the search and seizure of the truck, not the brief stop of the vehicle while Fajardo was driving it.

3

Thus, on the record before the court, Lindsay is, at least, entitled to a hearing on the issue of whether the warrantless search and seizure of his vehicle violated his Fourth Amendment rights. Should the government provide sufficient evidence at the hearing establishing that Lindsay did, in fact, provide authorization to other individuals to use the truck, the court will revisit the issue of Lindsay's standing to challenge the search of the vehicle.

2.  Standing of Remaining Defendants

The government also argues that (1) Gonzalez lacks standing to challenge the search of her own luggage in the van because she has not demonstrated a lawful basis for being in the van; (2) Alvarez and Bedoya cannot challenge the search of Gonzalez's luggage because neither Alvarez nor Bedoya has claimed ownership of the luggage; and (3) Fajardo cannot challenge the search of the truck because he cannot demonstrate a lawful basis for being in the truck. The court recognizes that Alvarez, Bedoya, Gonzalez, and Fajardo may not have standing with respect to the searches at issue. However, given that an evidentiary hearing is required in any event, the court declines to make a premature determination on whether Alvarez, Bedoya, Gonzalez, and Fajardo have standing to challenge the searches. The court will revisit the issue after developing a full record of the circumstances surrounding the July 13th and September 2nd vehicle stops.

## CONCLUSION

For the foregoing reasons, the court concludes that defendants Alvarez, Bedoya, Gonzalez, and Fajardo, at a minimum, have standing to challenge the legality of the stops of their respective vehicles. In addition, on the record currently before the court, the court is unpersuaded by the government's argument that defendant Lindsay lacks standing to challenge the search of his truck. Accordingly, the suppression hearing will go forward as scheduled on Tuesday, July 11th at 9:30am.

SO ORDERED

Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: June 29, 2006
      Brooklyn, New York

SERVICE LIST:

*Attorney for the United States*

Carolyn Pokorny
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

*Attorney for Antidio Ramon Fajardo*

Bruce A. Barket
The Law Offices of Bruce A. Barket
666 Old Country Road, Suite 600
Garden City, NY 11530

*Attorney for Oscar Davidson Bedoya*

Peter Raben
1200 Brickell Avenue, Suite 1620
Miami, FL 33131

*Attorney for Maria Alvarez*

Martin L. Schmukler
Law Offices of Martin L. Schmukler, P.C.
41 Madison Avenue, Suite 5B
New York, NY 10010

*Attorney for Lynn Gonzalez*

Luis O. Diaz
Law Office of Luis O. Diaz
710 W 190th St, Suite D
New York, NY 10040

*Attorney for Wilford Lindsay*
Jeremy L. Gutman
251 East 61st Street
New York, NY 10021

6